Smith, P. J.
Action under section 1669 of the Code of Civil Procedure to recover treble damages for a forcible detainer of the possession of a certain dwelling house in the city of Rochester. The plaintiff claimed title to the-premise's as the heir at law of her sister, Mrs. Harrigan,. who died in 1879, owning the said premises at the time of her death. The defendant also claimed the title, by virtue of a tax sale, and a deed based on such sale, executed to-him by the treasurer of said city, dated in August, 1882. The case states that it was conceded at the trial that the plaintiff, by her tenants, was in possession of the premises from tie death of her sister to the 2d of April, 1883. It was also conceded that on' or about the day last named, the defendant took possession of the premises, without the plaintiff’s consent, and remained in possession until on or about the 3d day of January, 1885. It was further conceded that on the 5th day of April, 1883, there was a. disturbance between the parties; that the plaintiff went to-the premises to change the locks and take possession in defendant’s absence; that the defendant came and interposed and attempted to. eject plaintiff; that they had a struggle- and the plaintiff was left there and afterwards retired from the premises; and that from that time on the defendant remained in possession. The plaintiff was a witness in her own behalf, and the following question was put to her: “ Why did’nt you continue in possession after you were left-on the premises by Mr. McIntyre % ” She answered: “I was afraid Mr. McIntyre would come back again, and I was’nt able to remain there. ” She also testified that she-was confined to the house about six weeks after that, as the result of what then took place between her and McIntyre. At the close of the plaintiff’s evidence the defendant’s counsel moved for a non-suit, on the ground, among others, that-there was no proof of a forcible entry or detainer. The-motion was denied and the defendant excepted.
The ruling we regard as erroneous. It evidently proceeded on the ground that on the 5th of April, when the plaintiff went to the premises in defendant’s absence, to-change the locks, she regained possession, or at least that the evidence would have warranted the jury in finding that she thus regained possession. That view of the case *691 overlooks the concession made at the trial, that the defendant not only took possession on or about the 2d of April, but that he remained in possession until January, 1885. And the remainder of the concession as to what took place on the 5th of April is not inconsistent with this. It is to the effect that the plaintiff then went to the premises in defendant’s absence, to change the locks and take possession, but it is not conceded that she accomplished her purpose. The statement that she “was left there” and afterwards retired, is not equivalent to a statement that she regained possession, especially in view of the preceding statement that the defendant remained in possession. The concession, like an admission in a pleading, is conclusive, so that, in the struggle that ensued, the defendant was simply in the attitude of defending his possession, and in view of the conceded facts, was in no respect a wrongdoer, either in using so much force as was necessary to maintain his possession on that occasion, or in retaining it subsequently.
Of course, the question of title is not involved in this action. The possession only is concerned. And it being conceded that previously to the occurrences in question the defendant had taken possession and that he remained in possession until long after they took place, the action cannot be maintained.
Judgment and prder reversed and new trial ordered, costs to abide event.
All concur.